UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs-Appellees,<br>v.<br><br>CNH INDUSTRIAL N.V. and CNH INDUSTRIAL AMERICA, LLC,<br><br>Defendants-Appellant. | No. 15-2382 |

**MOTION TO EXPEDITE APPEAL**

Pursuant to Sixth Circuit Rule 27(f), Appellant CNH Industrial N.V. and CNH Industrial America, LLC (together, "CNH") respectfully request that this Court expedite the briefing schedule and argument date of this appeal. Good cause exists for CNH's request.

This case, filed in February 2004, seeks a determination whether health benefits provided under a 1998 collective bargaining agreement are lifetime vested and unalterable. The district court first entered summary judgment for the plaintiff class in 2007, and this Court first remanded the case in 2009. In that decision, this Court affirmed the district court's vesting ruling under then-prevailing law but reversed the ruling that the benefits were unalterable, remanding for consideration

of whether CNH could implement changes to the benefits. *Reese v. CNH America LLC,* 574 F.3d 315 (6th Cir. 2009) ("*Reese I*").

On remand, the district court again entered summary judgment for the plaintiff class, and again this Court reversed, holding that "[t]he plaintiffs and the district court misread the panel opinion." *Reese v. CNH America LLC*, 694 F.3d 681, 685 (6th Cir. 2012)("*Reese II*"). The court observed that "this long-running dispute needs to come to an end." *Id*. It continued: "it is particularly unfair to prolong this dispute when the status quo . . . not only favors just one party but also risks mooting the economic stakes of the case for the other party." *Id*.

On the most recent remand, the district court initially ruled, on September 28, 2015, that the unanimous decision of the Supreme Court of the United States in *M&G Polymers USA LLC v. Tackett*, 135 S.Ct. 926 (2015), required reconsideration of the vesting decision, and concluded that the benefits are not vested. *Reese v. CNH Indus.*, Civ. No. 04-70592, 2015 WL 5679827 (E.D. Mich. Sept. 28, 2015). Then, in response to a motion for reconsideration, the district reversed itself, finding that it had committed "palpable error" in its reading of *Tackett,* and entered summary judgment for plaintiffs on the vesting issue. Further, it ruled that none of CNH's proposed changes, individually or collectively, met this Court's criteria in *Reese I* and *Reese II*. *See Reese v. CNH Industrial N.V.*, Civ. No. 04-70592 (E.D. Mich., Nov. 9, 2015). It is from that November 11, 2015, order

(attached as Exhibit A) that CNH appeals. Throughout the almost twelve year duration of this litigation, CNH has provided full benefits for the plaintiff class, at immense and continuing costs.

The parties have two principal disputes: *First,* does the 1998 CBA at issue here, interpreted in accord with the unanimous decision of the Supreme Court in *Tackett,* defeat plaintiffs' claim to vested health care benefits for life? Although the district court concluded that *Tackett* does undermine the earlier vesting ruling, which was based on the line of decisions following *International Union, UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983), and initially entered summary judgment for CNH, it later reversed itself and held as a matter of law that the benefits are vested. *Second*, even if the benefits are vested, do the changes proposed by CNH—providing health benefits to the retirees equal to, and in some respects better than, those agreed to by the UAW for more recent retirees—meet the criteria set forth by this Court in *Reese I* and *Reese II*? Again, the district court concluded that the package of proposed changes, taken together, do not meet those criteria, and refused CNH's request to consider whether any of the proposed changes individually meet those criteria.

Having considered this case twice before, this Court is familiar with the dispute, and after almost twelve years of litigation, the parties are sufficiently conversant with the legal and factual issues to move expeditiously. Even more

important, the parties need a decision because of the uncertainty to plaintiffs and the continuing costs to CNH.

Accordingly, CNH proposes the following briefing schedule:

- CNH's Opening Brief              January 6, 2016
- Plaintiffs' Responsive Brief     February 15, 2016
- CNH's Reply Brief                March 4, 2016
- Argument                         At the earliest convenience of the panel (Judges Gibbons, Sutton, and Donald)

CNH sought consent from counsel for Plaintiffs to this motion and such consent was not obtained.

## CONCLUSION

For these reasons, CNH urges the Court to expedite consideration of this appeal and enter the schedule proposed above.

Dated: November 13, 2015         Respectfully submitted,

 /s/ Bobby R. Burchfield
Bobby R. Burchfield
  Counsel of Record
Nikesh Jindal
David M. Barnes
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, DC  20006
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737
bburchfield@kslaw.com
njindal@kslaw.com
dbarnes@kslaw.com

*Counsel for CNH Industrial N.V. and CNH Industrial America, LLC*

## PROOF OF SERVICE

I hereby certify that on November 13, 2015, I caused the foregoing Motion to Expedite Appeal to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ Bobby R. Burchfield
Bobby R. Burchfield