## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JACK REESE, FRANCES ELAINE
PIDDE, JAMES CICHANOFSKY,
ROGER MILLER, and GEORGE
NOWLIN,

Plaintiffs-Appellees,
v.

No. 15-2382

CNH INDUSTRIAL N.V. and CNH
INDUSTRIAL AMERICA, LLC,

Defendants-Appellant.

## PLAINTIFFS-APPELLEES' RESPONSE
## TO DEFENDANTS-APPELLANTS'
## MOTION TO EXPEDITE APPEAL

On November 13, 2015, Appellant CHN Industrial N.V. and CNH Industrial America, LLC ("CNH") motioned this Court to expedite the briefing schedule and argument date of this appeal. CNH claims that good cause exists for its request. However, good cause does not exist to expedite CNH's appeal.

CNH provides a brief overview of the long and complex history since this case was first filed in February 2004. CNH cites this history as a reason to expedite its appeal. However, this history supports the opposite proposition, that this appeal should not be expedited. CNH's request to expedite is nothing more than an attempt to shorten its obligation to pay for the retiree healthcare benefits.

CNH argues that "the uncertainty to plaintiffs and the continuing costs to CNH" support its request to expedite the appeal. On September 28, 2015, the district court initially ruled that the benefits are not vested. *Reese v. CNH Indus.,* Civ. No. 04-70592, 2015 WL 5679827 (E.D. Mich. Sept. 28, 2015). CNH quickly and swiftly notified retirees that it was implementing changes to their healthcare benefits. In response, many Medicare-eligible retirees switched their Part D prescription drug coverage. A short time later, in response to Plaintiff's Motion for Reconsideration, the district court reversed itself. *Reese v. CNH Industrial N.V.,* Civ. No. 04-70592 (E.D. Mich. Nov. 9, 2015). Retirees were then prompted to cancel the changes to their insurances that had just been implemented.

These changes have caused uncertainty among the Plaintiff Class. There is no reason to rush toward another change. If CNH is successful on appeal, this is exactly what will occur.

## CONCLUSION

For these reasons, Plaintiffs urge the Court to deny Defendant's Motion to Expedite its appeal and provide a briefing schedule with time limits set pursuant to Fed. R. App. P. 31(a)(1).

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:*/s/Darcie R. Brault*
Roger J. McClow  (P27170)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Date: 11-23-2015

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, I electronically filed Plaintiffs-Appellees' Response to Defendants-Appellants' Motion to Expedite Appeal with the Clerk of the Court using the ECF system which will provide electronic notification of the filing of the Brief to all registered ECF participants.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/*s/Darcie R. Brault*
Roger J. McClow  (P27170)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Date: 11-23-2015

p:\rhc cases\case corp\case - reese litigation\appeals\appeal - 2015\pl's resp to motion to expedite appeal.docx

4