Case No. No. 15-2382
_____

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JACK REESE, JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN, for themselves and the class

Plaintiffs-Appellees

v.

CNH INDUSTRIAL N.V. and CNH
INDUSTRIAL AMERICA, LLC

Defendants-Appellants.

On Appeal from the United States District Court
for the Eastern District of Michigan
Case No. 2:04-cv-70592
_____

**APPELLEES' RESPONSE TO MOTION OF WHIRLPOOL
CORPORATION FOR LEAVE TO FILE BRIEF AMICUS CURIAE**
_____

McKnight, Canzano, Smith,
Radtke & Brault, P.C.
By: Darcie R. Brault
423 S. Main St. 2nd Floor
Royal Oak, MI 48067
248-354-9650
Attorneys for Plaintiffs-Appellees

Movant Whirlpool Corporation seeks leave to file its brief *amicus curiae*. Appellees oppose leave and ask this Court to reject the brief.

### I.  Whirlpool Corporation has no substance to add to the application of ordinary contract principles to unique facts.

Whirlpool Corporation is involved in litigation against retirees who were promised retiree healthcare benefits. Like Appellants, Whirlpool Corporation sought to break its promises to retirees. The District Court found, on December 31, 2015, that the healthcare benefits promised to the class are vested benefits and cannot be diminished or terminated. The District Court examined the contracts, found ambiguity, and then reviewed extrinsic evidence of the parties' intent and course of dealing to reach its conclusion. *See Zino v. Whirlpool Corp.,* No., 11-CV-1676, 2015 U.S. Dist. LEXIS 147614 (N.D. Ohio Oct. 30, 2015); 2015 U.S. Dist. LEXIS 173484 (N.D. Ohio Dec. 31, 2015).

In the instant appeal, CNH asks this Court to review the District Court's decision below: First, that the retiree healthcare benefits for the class are vested under the principles set forth in *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015); and second, rejecting CNH's proposed retiree healthcare benefits plan under the standard set forth in *Reese v. CNH America LLC,* 694 F.3d 681 (6th Cir. 2012) because the proposed benefits were not "reasonably commensurate" with the current benefits.

Whirlpool Corporation indicates that it supports CNH's position in this appeal. Whirlpool Corporation states that it is "uniquely positioned" to assist this Court in applying *Tackett* due to its current defense of a "vesting issue" and because it has litigated the issue of whether retiree healthcare benefits vest in other jurisdictions.

Third parties do not have an automatic right to file *amicus* briefs. *United States v. Michigan,* 940 F.2d 143, 165 (6th Cir. 1991). Whether to allow the filing of an *amicus* curiae brief is a matter of "judicial grace." *Voices for Choices,* at 544, quoting *National Organization for Women, Inc. v. Scheidler,* 223 F.3d 615 (7th Cir. 2000). Whirlpool Corporation contends it is uniquely positioned to share its insights on "vesting law," citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). However, in *Ryan*, the motion for leave to file a brief *amicus curiae* was **denied and reaffirmed**. Here, too, duplicative briefing should be rejected. Judge Posner eloquently stated that the vast majority of briefs *amicus curiae* are written by allies of litigants and duplicate the arguments made in the litigant's briefs.

> The bane of lawyers is prolixity and duplication, and for obvious reasons is especially marked in commercial cases with large monetary stakes. In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal.

*Ryan* at 1064.

Appellees disagree that Whirlpool Corporation can add substance to the analysis of this case beyond that provided by CNH. This Court will apply "the ordinary principles of contract law" to the contractual facts of this case. *Tackett v. M&G Polymers USA, LLC*, 2016 U.S. App. LEXIS 998 *5-6 (6th Cir. 2016). These facts include the collective bargaining agreements and the surrounding circumstances, reaching back to 1971 when the language at issue was first adopted between CNH and the UAW, extrinsic evidence indicating the intent to confer fully paid health benefits for life,[1] the 1998 contract in which the parties agreed to the elimination of an existing medical cost cap letter, and other distinctive facts in the record developed in the District Court. CNH is far better acquainted with these facts than Whirlpool Corporation.

Whirlpool Corporation fails to illuminate the deficiencies in CNH's brief and fails to disclose the nature of its special knowledge that is beyond the help that CNH's lawyers can provide. Applying standard legal principles to contracts and facts to effect the intent of the parties is peculiarly the province of the Court, making *amicus curiae* briefs unnecessary, and on this occasion, redundant.

> **II.     This Court has rejected the "clear and express" standard advocated by Whirlpool.**

---

[1] As an example, contemporaneous with the agreement on the contract language, CNH's Director of Benefits told retirees what the collective bargaining agreement language meant: "If you have elected the Spouse's Optional Form of Pension and your spouse will receive a pension as a result, your spouse will be able to keep this coverage for the remainder of her lifetime."

Whirlpool expends a significant portion of its brief advocating for a "clear and express" standard for the determination of whether retiree healthcare benefits are vested, basing that argument on the Supreme Court's decision in *Tackett*. Appellant also advocates for such a standard, for the same reason. R. 15, at p. 50.

In *Tackett*, the Supreme Court remanded the matter to the Sixth Circuit for further proceedings consistent with its opinion. After Whirlpool filed its proposed amicus brief, the Sixth Circuit in *Tackett* issued its decision, remanding the matter to the district court with explicit instructions on the legal principles to be applied to the vesting issue. In particular, the Sixth Circuit held:

> **No rule requires "clear and express" language** in order to show that parties intended health-care benefits to vest.

*Tackett,* 2016 U.S. App. LEXIS 998 *10-11* (emphasis added).

This Court has now squarely rejected the "insights" provided by Whirlpool, a further reason that its *amicus* brief should not be allowed.

### III. Briefs *amicus curiae* should not be used to extend the court-imposed limitations on the parties' briefs.

Appellant filed a 67 page principal brief on January 13, 2016, nearly at the maximum of the allowed word limit under Fed. R. App. P. 32(a)(7)(B)(iii). *Amicus* briefs may not be used to make "an end run around court-imposed limitations on the

length of parties' briefs." *Voices for Choices*, 544; *Ryan, infra.* Whirlpool's proposed brief would extend the briefing well beyond the 14,000 word limit.

### IV. Whirlpool's agenda is political in nature and should not be injected into the federal appeal process.

Whirlpool, along with CNH and Borg Warner have submitted briefs *amicus curiae* in other retiree healthcare cases. The ERISA Industry Committee ("ERIC"), also sought leave to file an *amicus curiae*, contending that is supports "neither party." *USW v. Kelsey-Hayes,* Case No. 13-1717 (Doc. 62-63, 66-67, 69, 71). However, the political bent is obvious where, in this case, CNH's proposed expert witness (Scott Macey) was the President of ERIC. This web of supportive *amicus* is part of a strategy to change the law to benefit Whirlpool, CNH and its allies.

The judicial forum is not well-suited for politicking. Posner again:

> Statutes pass because there is more political muscle behind than in front of them, not because they are "wise" or "just," though they may be. The judicial process, in contrast, though "political" in a sense when judges are asked to decide cases that conventional legal materials, such as statutory and constitutional texts and binding precedent, leave undetermined, so that some mixture of judges' values, temperament, ideology, experiences, and even emotions is likely to determine the outcome, is not democratic in the sense of basing decision on the voting or campaign-financing power of constituents and interest groups. An appeal should therefore not resemble a congressional hearing.

*Voices for Choices*, at 544-545.

This Court is not aided by "an attempt to inject interest group politics into the federal appeals process." *Voices, infra*.[2]

Accordingly, Appellees ask the Court to deny Whirlpool's motion. In the event the Court nevertheless allows the brief, Appellees request permission to file a short, dedicated response (of not more than 15 pages) to the Whirlpool brief. Because Appellees' principal brief in this matter is due March 15, 2016, Appellees request that such a response to Whirlpool's brief be due March 22, 2016.

        s/Darcie R. Brault
Darcie R. Brault
McKnight, Canzano, Smith,
Radtke & Brault, P.C.
423 S. Main St. 2nd Floor
Royal Oak, MI 48067
248-354-9650

February 2, 2016        Attorneys for Plaintiffs-Appellee

---

[2] Whirlpool attaches the report of its expert witness in another matter. This report is not properly before this Court, it is not evidence and can only be treated as inadmissible hearsay. The attachment of the report belies the political motivation of Whirlpool, its experts, and others, like CNH, which advocate for the *un-vesting* of vested retiree healthcare benefits through litigation.

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, I caused the foregoing Appellees' Response to Motion of Whirlpool Corporation for Leave to File Brief Amicus Curiae to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of interest participating in the CM/ECF system.

                                        s/Darcie R. Brault
                                        Darcie R. Brault
                                        McKnight, Canzano, Smith,
                                        Radtke & Brault, P.C.
                                        Attorneys for Plaintiffs-Appellee
                                        423 S. Main St. 2nd Floor
                                        Royal Oak, MI 48067
                                        248-354-9650

February 2, 2016