McKnight, Canzano, Smith, Radtke & Brault, P.C.
*Attorneys at Law*
423 N. Main Street • Suite 200
Royal Oak, MI 48067

Telephone (248) 354-9650
Fax (248) 354-9656

Samuel C. McKnight
John R. Canzano
Lisa M. Smith
David R. Radtke
Darcie R. Brault
Patrick J. Rorai
Lilyan N. Talia

Sheldon L. Klimist 1931-2014
Ellen F. Moss 1956-2011

of counsel

Judith A. Sale
Roger J. McClow

March 31, 2017

Ms. Deborah S. Hunt
Clerk of Court
Sixth Circuit Court of Appeals
540 Potter Steward U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

Re: *Reese v. CNH Indus. N.V.*, No. 15-2382

Dear Ms. Hunt:

Pursuant to Fed. R. App. P. 28(j), appellees respond to appellants' "supplemental authority."

Appellants erroneously claim *Barton v. Constellium Rolled Products-Ravenswood, LLC.*, No. 16-1103 (4th Cir., decided March 22, 2017) means that an ambiguous contract can never be interpreted in retirees' favor. That interpretation would require an inference in favor of employers, contrary to *M & G Polymers USA, LLC v. Tackett,* 135 S. Ct. 926 (2015), where the Supreme Court required that CBAs be interpreted according to ordinary contract principles, eschewing inferences of *any* kind. Appellants' interpretation also conflicts with *Tackett v. M & G Polymers USA, LLC,* 811 F.3d 204 (6th Cir. 2016 (*Tackett III)* and *Gallo v. Moen, Inc.,* 813 F.3d 265 (6th Cir. 2016).

*Barton* dealt with materially distinguishable facts; the contract and SPDs explicitly stated that health benefits continue "for the term of" the governing CBA, while pension benefits were payable "for the life of the participant." In *Barton,* these language differences supported vesting pension benefits, but not retiree healthcare benefits. In the CBAs here, the fact that retiree healthcare benefits were tied to the receipt of pension benefits supports the opposite conclusion -- that both benefits were vested for life. R.450:17004, *see also* Justice Ginsberg's concurrence in *Tackett,* 135 S. Ct. at 938.

266

*Barton* concluded that certain benefit "cap" letters undermined vesting. Here, in 1998, immediately after El Paso announced that it was relying on the FAS 106 letter to support a post-CBA reduction in retiree benefit payments for pre-IPO (*Yolton*) retirees, the UAW demanded, and CNH agreed to, the elimination of that "cap" letter for post-IPO retirees. The only possible interpretation of this undisputed contract fact is that the parties agreed both that: 1) the benefits were vested for life; and 2) those benefits could not be reduced *even after* the expiration of the CBA. *Reese v. CNH Global N.V.*, No. 04-70592, 2007 WL 2484989, at *7-9 (E.D. Mich. Aug. 29, 2007)." *Barton* conceded that, absent the "actual robust durational language," the "cap" letters "certainly [would] not eliminate an inference that the parties intended the benefits to continue ..." at p. 14.

Sincerely,

McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.

Darcie R. Brault

266

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2017, I caused the foregoing Response to Appellants' Supplemental Authority to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of interest participating in the CM/ECF system.

s/Darcie R. Brault
Darcie R. Brault
McKnight, Canzano, Smith,
Radtke & Brault, P.C.
Attorneys for Plaintiffs-Appellee
423 N. Main Street, Suite 200
Royal Oak, MI 48067
248-354-9650